LYONS, Justice
(concurring specially).
I concur fully in the main opinion. I write specially to note the distinction between this case and this Court’s decision in Weatherspoon v. Tillery Body Shop, Inc., 44 So.3d 447 (Ala.2010). In Weatherspoon, the trial court dismissed the plaintiffs claims against the defendant, a motor carrier of propei’ty, because the claims were preempted under the Federal Aviation Administration Authorization Act of 1994 and the ICC Termination Act of 1995, 49 U.S.C. § 14501(c). Based on the language of § 14501(c)(1), which provides: “a State, [or] political subdivision of a State, ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier,” this Court in Weatherspoon affirmed the trial court’s judgment based on its holding that the plaintiffs claims were preempted.
The parties in this action have not raised any argument regarding preemption under § 14501(c). Additionally, in this case, as the main opinion notes, Congress directed the Secretary of Transportation, in prescribing 49 C.F.R. § 392.14 — the regulation upon which Dixon based her requested jury instruction — to consider “State laws and regulations on commercial motor vehicle safety, to minimize their unnecessary preemption.” 49 U.S.C. § 31136(c)(2)(B) (emphasis added). Congress included no such language in the statutes that governed our analysis in Weatherspoon, nor did the issues presented there relate to safety considerations, a matter expressly excluded by the statutes under review in Weatherspoon. Based on the foregoing distinctions, I concur in the main opinion.